UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CURKLIN ATKINS**                                                                **CIVIL ACTION**

**VERSUS**                                                                               **NO. 06-40**

**MARTIN INSURANCE AGENCY, ET. AL.**                              **SECTION "K" (5)**


### ORDER

Before the Court is plaintiff's Motion to Remand.  See Rec. Doc. No. 2.  Having reviewed the pleadings, memoranda, and relevant law, the Court **GRANTS** the motion for the reasons below.

**Background:**

Plaintiff Curklin Atkins is the owner of immovable property located at 3952-3954 Louisiana Avenue Parkway, New Orleans, Louisiana and immovable property located at 2036-2038 Spain Street, New Orleans, Louisiana.  Plaintiff allegedly suffered damage to these properties as a result of Hurricane Katrina and/or Hurricane Rita, see Complaint, ¶¶ 4 and 8, and he filed the instant suit as a result, alleging a failure by defendants to procure flood insurance on these properties.

2036-2038 Spain Street

Plaintiff purchased the Spain Street property on March 16, 2005, at which time defendant Martin Insurance Agency, Inc. was allegedly paid $1,250.00 for one year of hazard insurance coverage and $826.00 for a one-year Standard Flood Insurance Policy ("SFIP"). On or about August 29, 2005 the property suffered wind and rain damage caused by Hurricane Katrina, as well as flood damage in the aftermath of the storm.  On September 5, 2005 plaintiff notified defendant Martin Insurance Agency of the damages and requested the identity of the flood insurance carrier or adjuster.  Allegedly defendant has refused to provide such information and/or adjust plaintiff's claim, despite numerous requests.  Plaintiff further alleges that defendant's failure to respond is a result of defendant's failure to procure flood insurance as requested and paid for by plaintiff.

3952-3954 Louisiana Avenue Parkway

Plaintiff also alleges defendant Martin failed to obtain flood insurance, including contents coverage, on 3952-3954 Louisiana Avenue Parkway.  Plaintiff purchased the property on August 17, 2005, at which time he paid $745.00 for a one-year SFIP, $2,698.00 for one year of hazard insurance coverage, and $508.20 for one year of liability insurance coverage.  On September 5, 2005 plaintiff notified defendant Martin Insurance Agency of hurricane damage to the property and requested the identity of the flood insurance carrier or adjuster, as well as information on the hazard insurance coverage and the liability insurance coverage.  Allegedly defendant has refused to provide such information and/or adjust plaintiff's claim , also despite numerous requests.  Although not overly clear from the pleadings, apparently defendant Martin did purchase some sort of flood policy as to the Louisiana Avenue property effective October 22, 2005.

On November 21, 2005 Plaintiff sued defendants in the Civil District Court for the Parish of Orleans, State of Louisiana, alleging a breach of the duty of good faith and fair-dealing for failure to adjust plaintiff's claims promptly and fairly and make a reasonable settlement effort, all as a result of defendant's alleged failure to procure insurance.  Defendants timely removed the action to federal court on the basis of preemption under the National Flood Insurance Act ("NFIA").  Defendants allege that plaintiff's lawsuit, because it includes a claim for interpretation of a Standard Flood Insurance Policy ("SFIP") issued pursuant to the National Flood Insurance Program ("NFIP"), must therefore be governed by the NFIA, 42 U.S.C. § 4001 *et seq* and related federal law and regulations. *See, e.g.* 42 U.S.C. §§ 4017(d)(1), 4019. Additionally, defendants argue this Court has supplemental jurisdiction over any state law claims that are raised in plaintiffs petition pursuant to 38 U.S.C. § 1367.

On February 22, 2006 plaintiff filed the instant motion to remand.

**Legal Standard:**

A defendant may remove a case filed in state court if the district court has original jurisdiction. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing the existence of federal jurisdiction. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Original jurisdiction exists when there is a federal question involved; however because removal jurisdiction "implicates important federalism concerns," *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997), a court must resolve all disputed questions of fact and all ambiguities in favor of the non-removing party.  *See Carriere v. Sears Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

Thus "[i]f the right for removal is doubtful, the case should be remanded." *Ryan v. Dow Chemical Co.*, 781 F.Supp. 934, 939 (E.D.N.Y.1992)(citation omitted); *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 694 (5th Cir. 1995)(any doubts about removal must be construed against removal and in favor of remanding the case back to state court); *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979) (axiomatic that ambiguities are generally construed against removal).

In order to determine whether a case was properly removed to federal court on the basis of federal question jurisdiction the court must examine plaintiff's complaint pursuant to the well-pleaded complaint rule. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct. 921, 925 (1988); *Taylor v. Anderson*, 234 U.S. 74, 75-76 ("Whether a case is one arising under [federal law] must be determined from what necessarily appears in the plaintiff's statement of his own claim . . . , unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose."). "Federal jurisdiction exists only when a federal question is presented on the *face* of the plaintiff's properly pleaded complaint." *Id*. (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987))(emphasis added). Thus in cases removed to federal court, it is the plaintiff's complaint rather than the defendant's notice of removal which establishes federal jurisdiction. *See Kidd v. Southwest Airlines, Co.*, 891 F.2d 540, 542 (5th Cir. 1990). A plaintiff may choose to forgo the federal claims in order to prevent removal. *Caterpillar*, 482 U.S. at 392, 107 S.Ct. at 392 ("The [well-pleaded complaint] rule makes the plaintiff master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."). This right, however, is trumped where the area of law is preempted by federal legislation.

<u>National Flood Insurance Act and Preemption</u>

Pursuant to the National Flood Insurance Act, 42 U.S.C. § 4001, *et seq*, Congress appropriates funds to pay for both claims and claims adjustment of all claims asserted based upon a Standard Flood Insurance Policy ("SFIP") issued under the National Flood Insurance Program ("NFIP").  All rule-making authority over an NFIP claim and its adjustment belongs to the executive branch of the federal government. See  42 U.S.C. § 4017(d)(1), and § 4019.  The terms of an SFIP  and "*all disputes arising from the handling of any claim* under [the SFIP] are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001 *et seq*) and federal common law,"  44 C.F.R. Part 61 App. A(1) art. IX (emphasis added).  Consequently, any construction of terms of an SFIP is exclusively a matter of federal law.

**Analysis**

Finding it curious that nowhere in either defendant's notice of removal or defendant's memorandum in opposition to plaintiff's motion to remand did defendant specifically address whether an SFIP was actually procured on either property, the Court requested defendant provide copies of the policies, if any, in question.  Defendant responded to the Court's request via letter and attachments dated May 11, 2006.  Defendants are correct that should the Court find that it has federal question jurisdiction over one portion of plaintiff's claims then the Court may also exercise supplemental jurisdiction over plaintiff's remaining claims.  Pursuant to the NFIA and the terms governing a SFIP, defendants are also correct in their contention that should the court find plaintiff seeks to adjudicate a claims handling dispute with regards to an SFIP then plaintiff

must pursue his claims in federal court. However, should the Court find that plaintiff's complaint pleads that no SFIP was ever purchased by defendant, and thus, there is no SFIP to implicate, then remand to state court would be appropriate. See *DeLoach v. Hood*, No. 03-CA-0086, 2003 WL 21077411, at*1 (W.D. Tex. Apr. 22, 2003). At request of the Court defendants provided a copies of any polices placed by them over the properties in question. The Court shall now take the claims leveled at each property in turn.

Spain Street

Upon careful review of plaintiff's complaint[1], it remains unclear whether defendants ever procured any insurance polices for either property when requested to do so by plaintiff, despite apparently accepting plaintiff's premium payments. Defendants responded with a letter detailing their contention that as to the Spain Street property, no flood policy was ever procured because allegedly plaintiff never requested flood insurance for that property, but rather the premium allegedly paid by plaintiff was instead meant for another, unrelated[2] property. While not mentioning the unrelated property, plaintiff's memorandum in support of remand also echoes defendant's statement that neither flood insurance nor hazard insurance was ever procured for plaintiff's Spain Street property. Thus the parties apparently agree on at least one point–namely that no insurance was ever procured by defendant on the Spain Street property. Thus, taking

---

[1] Plaintiff filed their first complaint in state court on November 21, 2005. Plaintiff then filed a First Supplemental and Amending Petition in state court on February 21, 2006, after defendants had already removed the matter to federal court. Furthermore, defendants filed their answer in state court prior to removal, specifically on December 19, 2005. Consequently because plaintiff's First Supplemental and Amending Petition was not properly filed it was not considered by the Court for the above analysis.

[2] By "unrelated" the Court means un-pled, that is to say the property mentioned by defendants (referenced in their letter as "Magnolia Street") is not mentioned in any of plaintiff's claims and does not appear to form the basis of any part of plaintiff's complaint.

plaintiff's pleading as true–namely that on March 16, 2005 plaintiff purchased the Spain Street property and paid defendant a total of $2076.00 in premium for procurement of both hazard and flood insurance, see Complaint, ¶ 3, and that defendant subsequently refused to respond to plaintiff's claim for damages caused by Hurricanes Katrina and Rita (presumably because there was no policy in place by which defendant would respond), see Complaint, ¶¶5- 6,–plaintiff's dispute as to Spain Street becomes one sounding solely in state law.  That is to say any dispute as to what type of insurance plaintiff may or may not have requested on a property and any dispute as to whether defendant breached any duty to procure said policies, finds its proper province in state court.  When deciding to remand in a situation where there is no policy in place *at all*, the Court finds the time and date of procurement, type of insurance requested, and the effective date of coverage immaterial, because there is no policy.  Plaintiff's alleged request for insurance and payment of premium does not trigger federal court jurisdiction  when no policy, flood or otherwise, was ever even issued.

     Louisiana Avenue

However, supplemental jurisdiction over plaintiff's Spain Street claims could exist if another piece of property, in this case, Louisiana Avenue, did have a flood insurance policy governed by the terms of the NFIA covering it, and plaintiff subsequently were to have a dispute over the handling and adjustment of its claims under this policy.  See 44 C.F.R. Part 61 App. A(1) art. IX (2001).[3]  Federal jurisdiction would exist under the terms of the SFIP over any

---

[3] 44 C.F.R. Part 61 App. A(1) art. IX (2001) states:
This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001 *et seq.*) and federal common law.

claims handing disputes of Louisiana Avenue arising under said policy, provided that said policy was in effect during the period of damages claimed. Thus removal of the entirety of plaintiff's complaint to federal court would be appropriate if the SFIP covering the Louisiana Avenue property was at issue. However, a review of the pleadings reveals that this path to federal court as to the Louisiana Avenue property has a fork in the road away from federal jurisdiction.

Plaintiff purchased the Louisiana Avenue property on August 17, 2005, at which time he allegedly paid defendant $745.00 for a one-year SFIP, $2,698.00 for one year of hazard insurance coverage, and $508.20 for one year of liability insurance coverage. Plaintiff's compliant mentions damages from both Katrina and Rita. See Complaint, ¶¶ 4 and 8. But, under the terms of any alleged SFIP, plaintiff's coverage would not have become effective on the Louisiana Avenue property until thirty calendar days after August 17, 2005. See 44 C.F.R. Part 61.11(c).[4] Thus, even if defendant had simultaneously procured coverage on the Louisiana Avenue property as of the date of closing, when Hurricane Katrina hit Louisiana twelve days later, on August 29, 2005, any coverage allegedly obtained on the Louisiana Avenue property would not have been effective.[5] According to policy documents provided to the Court by defendant, an SFIP was procured *after* Hurricane Katrina and issued over two months later, on

---

[4]44 CFR Part 61.11(c) states that the effective date of contents coverage under a flood insurance policy is thirty days following the application date and the presentment of payment of the premium.

[5]The Court notes that although coverage for Hurricane Katrina would not have been effective, plaintiff also alleges a claim for damage from Hurricane Rita. Rita made landfall on September 24, 2006, more than thirty days after plaintiff's purchase of the Louisiana Avenune property on August 17. Presumably then, had defendant procured an SFIP on Louisiana Avenue at the date of closing (or shortly thereafter), coverage would have been effective, and any claim for damages made by plaintiff stemming from Rita would have been governed by the SFIP and properly in federal court.

November 11, 2005, with an inception date of October 22, 2005. It remains an open question as to why, despite being in possession of plaintiff's insurance premiums as early as August 17, 2005, and despite any thirty-day waiting period for coverage to be effective presumably expiring as early as September 17, 2005, the SFIP in question did not originate until October 22, 2005.[6]

Although the October 22, 2005 date is not adequately explained in any of the materials submitted, the Court finds it essentially of no matter as to the validity of removal. The gravamen of plaintiff's complaint is that upon receipt of plaintiff's premiums defendant should have procured insurance on the properties in question but did not. Granted 44 CFR Part 61.11 (b) and (c) provides that the effective date of coverage under a SFIP is thirty (30) days following the application date and payment of premium. *Id.* However for 44 CFR Part 61.11 to apply there must first be a pre-existing policy. The facts, as pled, do not support the contention that any such policy existed for the time in question.

Similar facts have been found to necessitate remand. In *DeLoach v. Hood*, 2003 WL 21077411 (W.D. Tex. Apr. 22, 2003), the plaintiff, a Texas property owner attempted to procure homeowner's and flood insurance through the aid of the defendant-agent. Unbeknownst to the plaintiff, insurance was never procured. The plaintiff's property flooded, and the defendant was sued for breach of contract, negligence, violations of the Texas Deceptive Trade Practices Act and the Texas Insurance Code. Specifically, the plaintiff alleged that the defendant knew or should have known about the thirty-day waiting period required by federal law, and that the defendant's failure to inform the plaintiff of this waiting period amounted to misrepresentation. *Id*. The defendant removed the case to federal court, contending that original federal question jurisdiction

---

[6]Indeed this factual question seemingly would inform a large part of plaintiff's complaint.

existed under the NFIA because the federal flood insurance policy would have to be interpreted in order to determine whether denial of coverage on the plaintiff's property due to the thirty-day provision was correct. *Id.* The court disagreed and ordered the suit remanded, reasoning that because the plaintiff alleged that he never received the promised flood insurance coverage, and as such, no policy was in place, the plaintiff's claims sounded in solely in state law. *Deloach*, 2003 WL 21077411, at *2("All of plaintiff's allegations of misrepresentations and negligent acts were about defendant's behavior during the procurement of the policy, which are not governed by federal law")(citing *Spence v. Omaha Indem. Ins. Co.*, 996 F.2d 793, 796 (5th Cir. 1993)).[7]

Like *Deloach*, whether plaintiff requested and paid for insurance, and whether such coverage was actually procured by defendant, forms the crux of this dispute. An after-acquired SFIP on plaintiff's Louisiana Avenue property cannot serve as a basis of federal jurisdiction over a dispute arising from a previous time period where, apparently, no insurance was ever in place. As pled, plaintiff's complaint as to *both* the Louisiana Avenue and Spain Street properties seeks damages for a failure to procure any flood policy at all, and not, as defendant argues, damages for a failure to adjust, administer, or handle a claim under an SFIP which admittedly did not even exist during the periods in question. "In other words, a claim by plaintiff that disputed the coverage of his flood insurance would be governed by federal law, but his claims regarding

---

[7]The Court recognizes that the part of *Spence* dealing with whether state law tort claims brought as a result of a dispute over claims adjustment are not preempted by federal law has been challenged. See *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 389-90 (5th Cir. 2005) ("A careful reading of *Spence*, however, reveals that *Spence* does not hold that state law tort claims are not preempted by the NFIA. . . the issue of whether the NFIA preempted state law tort claims was not before the court in *Spence*, and the court did not address it."). However, there are no such "claims-adjustment" or "claims-handling" allegations made by plaintiff herein; rather plaintiff's claims sound in a failure to procure. Claims adjustment is seemingly not triggered unless a policy exists under which a claim may arise; such is apparently not the case here.

misrepresentations, negligence, breach of contract to insure, do not constitute 'coverage' disputes as they are based on defendant's *behavior*, not the provisions of the National Flood Insurance Act." *Deloach*, 2003 WL 21077411 at *2 (emphasis added).  Here plaintiff is not alleging his property was covered and thus defendants must pay; rather he alleges that defendants must pay because, due to their behavior, his property was *not* covered.  Defendants' re-framing of this dispute as one over the effective date of flood coverage on the property located at 3965-3954 Louisiana Avenue, and thus as a dispute arising from the handling of a claim under the after-acquired Louisiana Avenue SFIP, fails.   Accordingly, plaintiff's claims lack federal question jurisdiction and must be remanded.

Furthermore, given the facts of this case, defendant's argument that federal law preempts any and all such claims is misplaced.  Despite defendant's reliance on the Fifth Circuit's recent holding in *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 389-90 (5th Cir. 2005) that state law claims arising from claims-handling  by a WYO[8] under an SFIP are now preempted under the NFIP, *Wright* did *not* go so far as to hold that *procurement* claims with an attenuated relationship to an SFIP, such as the ones alleged by plaintiffs here, are also preempted.  That issue remains undecided.[9] *See, e.g., Reeder v. Nationwide Mutual Ins. Co.*, No. RDB 05-1272, 2006 WL 618814, *7 (D.Md. Mar. 13, 2006)("[T]he United States Courts of Appeals have yet to resolve whether procurement-based claims are preempted by federal flood insurance law")(*quoting*

---

[8]"WYO" stands for "Write-Your-Own" insurer and refers to those insurers who participate in the NFIP as fiscal agents of the United States.  See 42 U.S.C. §§ 4071(a)(1), 4081(a).

[9]Furthermore, it is unclear whether *Wright* would even apply herein.  Based on the facts of *Wright*, because there was an actual policy of insurance issued, a WYO insurance carrier was actually involved.  Here, however, because there was no policy ever issued during the times in question, no WYO carrier is involved.

*Wright* as holding "'state law tort claims arising from claims handling by a WYO are preempted by federal law'" but not addressing whether procurement-based claims are preempted); *see also C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co.*, 386 F.3d 263, 271 n. 12 (3d Cir. 2004); *Gibson v. Amer. Bankers Ins. Co.*, 289 F.3d 943, 949-50 (6th Cir. 2002); *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 609 n. 20 (4th Cir. 2002). Thus to the extent defendant grounds its argument for preemption of plaintiffs' procurement claims on the holding in *Wright*, those arguments are also rejected.

Accordingly,

**IT IS ORDERED** that plaintiffs' Motion for Remand is hereby **GRANTED** and Civil Action No. 06-40 is hereby **REMANDED** to the Civil District Court for the Parish of Orleans**.**

New Orleans, Louisiana, this  25th  day of May, 2006.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**